**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

RECEIVED

| | | |
|---|---|---|
| PAMELA HOWARD, | ) | 2020 MAR 24  A 10: 27 |
| | ) | |
| Plaintiff, | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DISTRICT ALA |
| | ) | 3:20-cv- 213 -SRW |
| | ) | |
| V. | ) CIVIL ACTION NO.: | |
| | ) | |
| LAKE MARTIN COMMUNITY | ) | |
| HOSPITAL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff Pamela Howard, and in support of her Complaint says as follows:

## PARTIES

1.    The Plaintiff is a former employee of the Defendant Lake Martin Community Hospital and she is a resident of Tallapoosa County, Alabama.

2.    The Defendant Lake Martin Community Hospital (hereafter "Lake Martin") was the employer for the Plaintiff during the relevant time periods in question and/or the plan administrator responsible for providing notices regarding

1

health insurance coverage. Lake Martin does business by agent or otherwise in Tallapoosa County, Alabama.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the matters alleged herein pursuant to 29 U.S.C. § 1132(e) and (f) and 28 U.S.C. § 1331.

4.      Venue is proper under 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS LITIGATION

5.      The Plaintiff, while employed as a certified nursing assistant (CNA) with Lake Martin and while covered under a health insurance plan offered and administered by Lake Martin through United Healthcare Insurance Company, experienced the sudden onset of health problems.

6.      Specifically, on or around March 7, 2019, the Plaintiff was taken to Lake Martin to be treated for a severe headache. She underwent a computed tomography (CT) scan, which revealed she was suffering from a brain aneurysm. Consequently, the Plaintiff was airlifted from Lake Martin to the University of Alabama at Birmingham (UAB) hospital, where she underwent emergency brain surgery on March 8, 2019.

7.      Following surgery, the Plaintiff remained in the hospital for a period and was eventually discharged to return home.

2

8.     Due to the severity of her health condition and ongoing complications, the Plaintiff could not be released to return to work.

9.     Presently, she continues to suffer from frequent headaches, (several of which have necessitated visits to the hospital emergency room per her doctor, to insure no further aneurysms, given the risks of her medical condition).

10.     The Plaintiff also suffers from memory deficits and emotional lability, both of which, coupled with her ongoing headaches, have rendered her permanently disabled from any gainful employment.

11.     As an employee of Lake Martin, the Plaintiff was entitled to the leave allowable under the Family Medical Leave Act (FMLA).

12.     Within a few weeks after emergency brain surgery and, during her active leave, the Plaintiff's health insurance coverage was terminated by her employer without her knowledge. Termination of coverage was applied retroactively, resulting in the Plaintiff having no health insurance during the month of March when she suffered a brain aneurysm.

13.     Later, the Plaintiff received a letter dated June 14, 2019 from Lake Martin, advising her that her health insurance coverage had terminated, effective March 31, 2019, due nonpayment of premiums. The Plaintiff was continuing to recuperate from major brain surgery during this time and did not receive any

3

communications from her employer (namely, notice, election forms, and a bill) regarding the payment of health insurance premiums.

14.    In its June 14, 2019 letter, Lake Martin advised the Plaintiff of the following: "... **you will be eligible for our COBRA packages effective April 1, 2019,**" which had already passed.

15.    As well, the Plaintiff was never provided a COBRA package or COBRA notice from Lake Martin, regarding her right to continue her health insurance.

16.    The Plaintiff has lived at the same address at all material times, and, as noted on Lake Martin's June 14, 2019 letter.

17.    Also, the Plaintiff received COBRA notice regarding dental insurance at the same address noted on Lake Martin's June 14, 2019 letter.

18.    After Lake Martin received a request from the Plaintiff on January 6, 2020 for plan and other documents related to its failure to provide COBRA notice for health insurance, it responded by advising that COBRA notice was attempted to the Plaintiff by a third-party entity but returned in the mail.

19.    Upon the Plaintiff's information and belief, errors occurred either on the part of Lake Martin or its vendor, which it refused to acknowledge and remedy.

20.    Lake Martin failed to provide any documentation supporting its contention and, also, plan and other documents in response to the Plaintiff's January

4

6, 2020 request for this information. It has failed to provide any remedies to resolve a COBRA notice violation and statutory penalty claims.

21.    When the Plaintiff reached out for further information regarding the matter, Lake Martin provided no response. It has failed to further communicate on this matter and is satisfied to leave in place the harm caused to the Plaintiff by its actions or that of its vendor.

22.    As well, Lake Martin contended in its June 14, 2019 letter to the Plaintiff that she had exhausted all her leave, resulting in termination of her employment. However, to the Plaintiff's information, knowledge, and belief, Lake Martin sought no medical documentation from her treatment providers during the period it contends her leave was active. Also, the Plaintiff did not fill out any paperwork related to her leave.

23.    Therefore, Lake Martin's letter in June to the Plaintiff was perplexing.

24.    Essentially, she was left with no insurance coverage shortly after suffering a brain aneurysm. The bill incurred by the Plaintiff for being airlifted from Lake Martin to UAB alone was approximately $70,000.

25.    She also incurred additional, exorbitant medical bills, after undergoing emergency surgery, and an extended stay in the hospital, followed by subsequent doctors' visits and diagnostic/other medical tests.

5

26.    The Plaintiff remains under the close care and monitoring of her physicians due to her risk of developing another aneurysm.

27.    She also suffers from depression and emotional distress due to her health condition and, also, the stress and anxiety created by Lake Martin's failure to comply with its obligations regarding her health insurance coverage.

28.    The Plaintiff cannot afford to pay the medical bills accrued from her brain aneurysm.

29.    On January 6, 2020, the Plaintiff requested that Lake Martin provide all plan documents to her regarding her health insurance coverage and her COBRA claim, including claim manuals/policies, the summary plan description, and all other documents, records and information pertinent to the Plaintiff's health insurance coverage. However, Lake Martin has not complied with the Plaintiff's request.

30.    The Plaintiff should have been covered under Lake Martin's healthcare plan until at least the end of her leave time.

31.    On or about March 7, 2020, the Plaintiff experienced a qualifying event and was entitled to receive notice pursuant to 29 U.S.C. §1161 et. seq. pertaining to the Consolidated Omnibus Reconciliation Act (COBRA) as to ongoing health insurance benefits.

6

32.    The Plaintiff did not receive the required COBRA notice; rather, when she attempted to continue using her health insurance after her brain aneurysm, she discovered that coverage had been terminated.

33.    Lake Martin has failed to show any fault on the Plaintiff's part for why the COBRA notice it alleges was attempted to the Plaintiff was unsuccessful.

34.    Lake Martin has also failed to provide the basis of its failure to inform the Plaintiff that premiums payments were due in a timely manner, to prevent cancellation of her health insurance coverage prior to the end of her leave. Essentially, the Plaintiff was left with no health insurance shortly after suffering a brain aneurysm and while her job (inclusive of benefits), was still protected under the Family Medical Leave Act (FMLA).

35.    As a result of Lake Martin's actions, the Plaintiff has been left with unpaid medical bills she cannot afford to pay, due to no fault of her own.

36.    In addition to the stress of chronic health problems, the Plaintiff has also experienced mental anguish and emotional distress as a result of the actions of Lake Martin, specifically, its failure to inform her of the necessary steps required to maintain her protected right to continued health insurance coverage, pursuant to the Family Medical Leave Act (FMLA).

37.    Lake Martin's adverse actions have placed the Plaintiff in a difficult position financially.

38.     The Plaintiff has exhausted all efforts to resolve this matter. She has not been provided with claim remedies to resolve these matters and none are known. Further efforts to exhaust any claim remedies are futile.

## COUNT ONE

39.     The Plaintiff incorporates by reference all previous paragraphs of this Complaint.

40.     This Count is brought pursuant to 29 U.S.C. §§ 1132(c) and 1161 et seq.

41.     The Plaintiff was entitled to the statutorily required COBRA notice and accurate information related to the costs of continued health insurance within the time periods required by law in relation to the Plaintiff's employment with Lake Martin.

42.     Lake Martin breached its duties by failing to provide the statutorily required COBRA notices in a timely manner following its termination of the Plaintiff's employment, which is a qualifying event.

43.     As a result of the failures of Lake Martin, the Plaintiff seeks statutory penalties of up to $110 per day per violation as provided by 29 U.S.C. § 1132 (c) and for such other further different equitable or appropriate relief which the Court

8

may provide including, but not limited to, an order requiring that Lake Martin to pay the balance for all health insurance premiums for the Plaintiff's COBRA coverage and/or any outstanding medical bills during the relevant time period.

WHEREFORE, the premises considered, the Plaintiff demands judgment against Lake Martin as follows:

a)    For a statutory penalty up to $110 per day for each separate violation until such time as the Court deems Lake Martin has satisfied its obligation     to     provide     proper     COBRA     notice;

b)    For equitable relief including payment of all medical bills from the time period of March 2019 forward, such that the Plaintiff owes no sums of money;

c)    For attorney's fees under 29 U.S.C. § 1132;

d)    For interest on unpaid medical bills;

e)    For cost of this action and all expenses incurred by the Plaintiff in connection with this matter;

f)    For indemnity and provision of a defense for all collection matters asserted against the Plaintiff for medical bills and claims arising out of the time period in question;

9

g)      For such other equitable relief including a surcharge to deter similar conduct by Lake Martin in the future; and

h)      For such other equitable and appropriate relief as this Court may provide.

## COUNT TWO

44.      The Plaintiff incorporates by reference all previous paragraphs of this Complaint.

45.      This Count is brought pursuant to 29 U.S.C. § 1132(c).

46.      According to the Plaintiff's information, knowledge, and belief, Lake Martin is the plan administrator or "de facto" plan administrator or fiduciary performing or assuming duties of "any administrator" and/or is an agent for others who had an obligation to comply with requests for information which were required by law to be furnished under 29 U.S.C. § 1132(c).

47.      Under 29 U.S.C. §§ 1024 and 1029, the Secretary of Labor prescribes what documents must be furnished.

48.      Under 29 C.F.R. § 2560.503-1, a participant is entitled to have reasonable access to all information relevant to a claim for benefits.

49.   Lake Martin has breached these duties by failing to produce plan document requested by the Plaintiff on January 6, 2020.

50.   The documents were known to be in the possession of Lake Martin and are believed to be currently in the possession of Lake Martin. Lake Martin has not complied with the above requests for information in violation of the statutory duties and/or delegated or assumed duties.

WHEREFORE, the Plaintiff demands judgment against Lake Martin as follows:

a)   For an award of $110.00 per day for each day Lake Martin did not provide the information for which it was required to provide and continuing until such time as the Court finds that Lake Martin has satisfactorily provided all information requested;

b)   For attorney's fees, case expenses, and costs of this action; and

c)   For such other relief as may be just and proper under 29 U.S.C. § 1132(c).

Ariel S. Blocker
(ASB-0090-Z82A)

M. Clayborn Williams
(ASB-9101-A43M)

11

Attorneys for the Plaintiff
Pamela Howard
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402
Ph. (205) 343-1771
Fax (205) 343-1781
ariel@erisacase.com


Request for Service by Certified Mail

The Plaintiff requests service of this Complaint on the Defendant by certified mail, restricted delivery, return receipt requested.

_Ariel Blocker_
Ariel S. Blocker (ASB-0090-Z82A)


**Plaintiff's Address:**
Pamela Howard
c/o The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402


**Defendant's Address:**
Lake Martin Community Hospital
201 Mariarden Road
Dadeville, AL 36853

**To be served regarding the statutory penalty claim:**

Mr. R. Alexander Acosta
Secretary of Labor
200 Constitution Avenue N.W.
Washington, DC 20210

Mr. Steven Mnuchin
Secretary of Treasury
1500 Pennsylvania Avenue N.W.
Washington, DC 20220