# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| PAMELA HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| V. ) | CASE NO.: 3:20-cv-00213-RAH-SRW |
| ) | **UNOPPOSED** |
| IVY CREEK OF TALLAPOOSA, ) | |
| LLC d/b/a LAKE MARTIN ) | |
| COMMUNITY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

**COMES NOW** the Plaintiff and moves the Court to amend her Complaint a second time and as grounds, says as follows:

1. The Plaintiff's original Complaint alleged claims against "Lake Martin Community Hospital" for a COBRA notice violation and statutory penalty claim for failure to provide plan documents under ERISA. Plaintiff learned through discovery responses that "Lake Martin Community Hospital" is a d/b/a for the legal entity Ivy Creek of Tallapoosa, LLC, an Alabama limited liability company (hereafter "Lake Martin"). The Plaintiff sought to amend her complaint and leave was granted.

1

2. The Plaintiff has just received a plan document on February 4, 2021, and recently received through discovery responses an administrative services agreement. Both documents reveal that another entity, UMR, Inc. (hereafter "UMR"), was responsible, at least in part, for some critical duties related to providing COBRA notices to participants of the health plan in question. The plan document, a copy of which is attached to the exhibit attached to this motion makes clear that UMR is the COBRA Administrator and the administrative services agreement names UMR as a fiduciary.

3. Also, through review of further discovery responses it appears that certain allegations in the presently filed complaint need to be corrected. For example, it is unclear *when* the Plaintiff was actually terminated, but it is clear that she experienced a reduction of hours after a brain aneurysm. Her medical providers reported that her insurance was terminated either at the end of March 2019 or during March 2019. Lake Martin apparently admits that either the reduction in hours or the loss of insurance was the qualifying event triggering the required COBRA notice in correspondence sent to the Plaintiff in June 2019.

4. It appears at the very least that UMR has liability if there has been a material breach of duties in the above plan documents and/or gross negligence and/or intentional misconduct as to the investigation of this matter and performance of duties.

Discovery on this will be necessary. Depositions are being scheduled so that the roles and responsibilities of the two entities can be ascertained.

5. The plan document just produced on February 4, 2021, leaves the Plaintiff to conclude that both entities are responsible for the failure to investigate the errors caused between the Defendants and the ultimate failure to mail to the Plaintiff a timely COBRA notice at her last known address. It is clear that Lake Martin was fully aware of the Plaintiff's address and so there is a question as to whether or not that information was communicated to UMR and whether UMR materially breached its duties or failed to investigate this matter. Documents produced appear to demonstrate that UMR was using an address for the Plaintiff that related back to 2015 when she was first hired, rather than her current address which had been in place for well over a year prior to this incident and was known to Lake Martin.

6. All matters relating to this furnishing of COBRA notice arise out of a brain aneurysm suffered by the Plaintiff resulting in her disability as of March 8, 2019. It is likely that the statute of limitations may well bar the Plaintiff's claim against UMR if it is not asserted in the near future. Given the plan documents produced it appears UMR is a necessary or at least proper party.

7. Additionally, it is now known why about $70,000 in airlift charges were refused given the recent receipt of the plan document, but the refusal is inequitable. Further it is unknown why certain medical bills were unpaid in March 2019 and are

due to be paid.  The plan name is now known, and due to the provision of the plan document, it has been added as well in the amendments proffered so that a proper judgment may be entered for complete relief.

8. Plaintiff respectfully submits that it is in the interest of justice to permit the Plaintiff to file the Second Amended Complaint attached hereto as Exhibit 1.  It is just and efficient for the Court to have all known parties before it in order to properly adjudicate this matter. While it may be necessary to extend discovery deadlines, and other deadlines in this case as a result of this amendment, the delay will not be significant as issues on this matter are limited. Further, and practically speaking, these claims are usually resolved by a motion for summary judgment rather than a trial.

9. Prejudice to the Plaintiff's claims is likely if she is not allowed to amend her complaint and assert claims against UMR, whose fiduciary role was not known to the Plaintiff or Counsel until recently. Thus, ultimately no prejudice results from this addition of a party to this litigation, but rather the more efficient use of the litigation and furtherance of the interests of justice. There are no claims being added to this litigation, but there are additional allegations due to the uncertainty as to some facts from the Plaintiff's viewpoint.

10. Plaintiff Counsel has conferred with Defense Counsel regarding this proposed second amendment and Lake Martin does not oppose the leave being sought

in this motion, although it does not agree with all allegations in the Second Amended Complaint.

Respectfully Submitted,

*/s Ariel S. Blocker*
Ariel S. Blocker
(ASB-0090-Z82A)


*/s M. Clayborn Williams*
M. Clayborn Williams
(ASB-9101-A43M)

*/s David P. Martin*
David P. Martin
(ASB-3500-M68D)

Attorneys for the Plaintiff
Pamela Howard
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL  35402
Ph. (205) 343-1771
Fax (205) 343-1781
ariel@erisacase.com
clay@erisacase.com
david@erisacase.com

5

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Allen Treadwell, III
Oliver and Treadwell, LLP
129 West Columbus Street
Dadeville, AL  36853
markallen@olivertreadwell.com

                                          */s Ariel S. Blocker*
                                          Ariel S. Blocker